Western Union Telegraph Company *v.* Arkadelphia Milling Company.

Opinion delivered January 8, 1923.

1.  Accord and satisfaction—burden of proof.—In an action on an account, defended on the ground that plaintiff had accepted a check in settlement of the account, the burden was on defendant to prove an accord and satisfaction, either by an express agreement or by proving facts and circumstances from which an agreement to settle the account could reasonably be inferred.

2.  Accord and satisfaction—acceptance of check.—Where a milling company owed a telegraph company for sending messages, and sent it a check for part of its debt, claiming a set-off as to the remainder on account of damages for the incorrect transmission of a message, but without stating that the amount offered was in full payment, acceptance of the check by the telegraph company did not constitute an accord and satisfaction.

Appeal from Clark Circuit Court; *George W. Hays,* special judge; reversed.

*Francis R. Stark, J. H. & D. H. Crawford* and *Rose, Hemingway, Cantrell & Loughborough,* for appellant.

1.   The transactions between the parties cannot be construed as an accord and satisfaction.   They fall short of a good accord and satisfaction in three respects:   (1) The debt of the telegraph company for the April tolls against the milling company was not in dispute.   (2) The milling company did not clearly state, or even remotely suggest, that the check sent to the telegraph company was in full payment of the latter's claim.   (3) The telegraph company was not called upon to make an election between accepting a check tendered in full payment,

or returning it rather than agree to the debtor's terms. Arkansas cases relied on by appellee are not applicable to the facts in this case, viz: 94 Ark. 158; 148 *Id.* 512; 114 *Id.* 559; 122 *Id.* 121. But these cases do set out what constitutes a good accord and satisfaction. See also 67 Kan. 194, 100 Am. St. 368; 37 Minn. 418, 35 N. W. 1; 1 Corpus Juris, 554, § 74. Further, as sustaining the position that there was not an accord and satisfaction, see: 56 Ark. 37; 216 Mass. 204; 51 L. R. A. (N. S.) 315; 21 N. J. L. 391; 47 Am. Dec. 169; 23 Am. Dec. 566 and note; 10 Ind. App. 613; 38 N. E. 340; 12 Ind. App. 677; 40 N. E. 30; 21 Ky. L. Rep. 421; 51 S. W. 616; 99 Mich. 247; 41 Am. St. 597; 151 Mo. 671; 51 S. W. 738; 22 Ky. L. Rep. 498; 58 S. W. 323; 155 Pa. 30; 25 Atl. 996; 91 Md. 144; 50 L. R. A. 401; 89 Ky. 429; 12 S. W. 926; 81 Ga. 531; 7 S. E. 623; 145 Mass. 379; 14 N. E. 177; 56 Minn. 13; 67 N. W. 635; 58 Vt. 551; 5 Atl. 407; 1 Rul. Cas. Law, 198, § 33; 1 Corp. Jur. 557, § 80.

2. An accord and satisfaction is necessarily based on a new contract for which there must be a new consideration. 55 Ark. 369; 112 Ark. 223, 226; 126 Ark. 327; 80 Neb. 551; 14 L. R. A. (N. S.) 443.

3. The alleged accord and satisfaction, if permitted to stand, would violate the Interstate Commerce Act and Federal interstate commerce rules and regulations. U. S. Comp. Statutes, 1916, § 8564; 162 U. S. 197; 168 U. S. 144; 71 Fed. 672; 226 U. S. 286; 209 U. S. 56; 195 Fed. 330; 149 Pac. 436; 228 Fed. 335; 144 S. W. 1080; 154 S. W. 465; 100 Ark. 22; 106 Ark. 237; 124 Ark. 326; 198 S. W. 1132; 93 So. 238; 241 U. S. 190; 163 Pac. 836; 167 N. W. 475; 185 S. W. 1145; 116 N. E. 475; 256 U. S. 406.

*McMillan & McMillan,* for appellee.

1. The question here is not, as suggested by appellant, "an accord and satisfaction effected by this transaction between the milling company and the telegraph company," but, taking the findings of the lower court as conclusive as far as the evidence warrants, and

giving to the facts disclosed the strongest inference of an intent to settle which their legal tendency will bear, the question is, do they sustain the court's finding? 53 Ark. 75-80; 54 *Id.* 229-235; 149 U. S. 43, 37 Law. Ed. 642; 81 Ark. 337. Appellee did not in words say that the check was in full settlement of the balance owing on the April account but the statement accompanying it was a demonstration in figures that the check was in full settlement of that account. The intent was clear. 148 Ark. 512. That there was an accord and satisfaction see 122 Ark. 212; 114 Ark. 559; 148 Ark. 512. There was a dispute as to the amount due appellant growing out of the counterclaim or set-off for which the appellee contended it was entitled to have credit. 22 R. I. 66; 46 Atl. 182; 4 A. L. R. 471 (1919); 161 Ill. 339; 108 Mich. 58; 31 L. R. A. 171; 65 N. W. 664. This is an executed contract, wherein there was no extortion or duress, and appellant is seeking to set aside the settlement it made. *Turpin* v. *Antonio,* 153 Ark. 377; 49 Ark. 70; 145 Ark. 185; 130 Ark. 520.

2. As to the contention that the accord and satisfaction was illegal because in violation of the interstate commerce act and interstate commerce rules and regulations, there is nothing in the record from which a violation of any law can even be inferred. Before the case can be reversed, the evidence must be such as to exclude every other reasonable inference. 53 Ark. 327. The contract was proved, and, in the absence of evidence to the contrary, the law presumes it was legal. The lower court's finding that it was not a device to evade the law is not against the evidence, and the settlement should be upheld. 59 Law. ed. 805.

WOOD, J. This is an action by the appellant against the appellee. The appellant in its complaint alleged that the appellee was due it for tolls on telegrams and cablegrams transmitted for the appellee and the revenue tax thereon in the sum of $448.50, for which it prayed judgment. The appellant filed as an exhibit to its complaint

an itemized statement of its account showing the above amount as the balance due it. The appellee, in its answer, admitted the service, but set up, among other things, in its defense to appellant's claim, an accord and satisfaction thereof for the April account. The appellant answered the appellee's plea of accord and satisfaction, denying the same.

The cause, by consent of parties, was tried by the court sitting as a jury upon the following agreed facts: "That the telegraph company and the milling company are corporations, as alleged. That the milling company was, on May 1, 1921, indebted to the telegraph company for tolls on messages sent by the telegraph company for the milling company in April, 1921, $347.41. That on May 1, 1921, the milling company was making a claim against the telegraph company for alleged damages for $233.67, on account of the incorrect transmission and delivery of a message sent by it to J. G. Bynum, at Indianola, in the State of Oklahoma. That the telegraph company was not willing to concede its liability, and the parties were unable to agree upon a settlement. That the milling company mailed to the telegraph company the following letter, with the check therein mentioned, to-wit:

"May 18, 1921.

"Western Union Telegraph Co.

"Gentlemen: We herewith hand you our check for $113.74, covering your statement our account for April amounting to $347.41, less $233.67, which we are holding up to cover our claim, J. H. Bynum, Indianola, Okla.

"Yours truly,

"ARKADELPHIA MILLING Co."

It is also agreed that the following statement accompanied the said letter and check as a part of the said transaction and may be considered as a part of it, to-wit:

"Arkadelphia Milling Co.

"Western Union Telegraph Co.

"Gentlemen: We inclose check herewith for $———
in payment of invoice Apl. a/c ......................................................$347.41
  "Money transferred ............................................................  41.42
  "Less J. H. Bynum claim

$233.67
155.16

$388.83    $388.83

"Yours truly,
"Arkadelphia Milling Co."

The check referred to was accepted and cashed by the telegraph company in due course of business. The milling company contends that the above transaction constitutes an accord and satisfaction of the April account for tolls due by it. The telegraph company contends it does not constitute an accord and satisfaction, and further, that same could not be allowed as an accord and satisfaction without violating interstate commerce rules, and, if paid and allowed as an accord and satisfaction, it would be equivalent to giving the milling company an unlawful rebate.

It is agreed that the account for message tolls sued for is due to the telegraph company, with interest, unless the milling company is entitled to retain $233.67 on its plea of accord and satisfaction, and that in any event the milling company will not be entitled to recover any other sum on its answer and set-off in this action.

The trial court found that the appellee's plea of accord and satisfaction should be sustained, and that the appellant was not entitled to recover judgment for $233.67, its claims for tolls during the month of April, 1921, with interest thereon. From the judgment entered in accordance with this finding is this appeal.

The undisputed facts, established by the evidence set forth in the agreed statement of facts, do not con-

stitute an accord and satisfaction, and the court should have so declared as a matter of law. The agreed statement shows that on May 1, 1921, the appellee was indebted to the appellant in the sum of $388.83. This indebtedness was not disputed by the appellee. The appellee was making a claim against the appellant for alleged damages in the sum of $233.67, but the appellant disputed this claim. The appellee made up a statement of the account showing its indebtedness to the appellant and appellee's claim, and deducted the amount of its claim from the amount it conceded to be due the appellant, and inclosed the appellant a check for the balance, with the statement that it was "holding up" or holding out the amount of its claim. But it will be observed that the appellee did not, in its letter, say to the appellant that the check was intended in full payment of the amount which it conceded to be due the appellant. Nor is there anything in the agreed statement to justify the inference that, if the appellant cashed the check, it would do so with the understanding that it was thereby receiving full payment of its account against the appellee.

Giving the testimony, as we must, its strongest probative force in favor of the appellee, the only reasonable inference to be drawn is that the appellee was making a claim against the appellant for the sum of $233.67, which, if appellant conceded, would reduce the appellant's account to the sum of $155.16, and that appellant was sending its check to cover the amount and to be applied in payment of the account as thus stated. But appellee did not, in its letter, or in its statement of the account, or in the check, give the appellant to understand that an acceptance of the check and cashing of the same would be considered by the appellee as a recognition by the appellant of appellee's claim for damages and an approval and settlement thereof.

The burden was upon the appellee to prove the contract of accord and satisfaction. It was essential for it to show either an express agreement upon the part of

the appellant of accord and satisfaction by which the amount of appellant's claim against the appellee was settled, or else to prove facts and circumstances by which an agreement on the part of the appellant to settle its account by allowing the claim of the appellee for damages could reasonably be inferred. There is nothing in the statement of facts to indicate a meeting of the minds of the parties upon any such terms. There is nothing to justify the conclusion that the appellant was notified by the appellee that, if the appellant cashed the check, it would do so with the understanding that appellee's claim for damages had been allowed and that appellant's account against the appellee had in that manner been satisfied.

As we have already stated, there was no dispute between the appellant and the appellee as to the correctness of appellant's account against the appellee. The appellee could not pay this account by making up an account of its own and simply tendering to the appellant the balance as shown by the account thus rendered. Such tender and acceptance by the appellee would not justify the inference that the appellant agreed to receive the same in full payment of the amount due it. *Greer* v. *Laws,* 56 Ark. 37; *Harrison* v. *Henderson,* 67 Kansas 194. The agreed statement of facts, taken as a whole, shows that the appellant was not conceding its liability to the appellee upon the latter's claim for damages, and, in the absence of any evidence tending to prove that the check was tendered by the appellee and accepted by the appellant in full settlement of this disputed claim of damages, the court erred in holding that there was an accord and satisfaction of appellant's account against the appellee.

The cases of *Pekin Cooperage Co.* v. *Gibb,* 114 Ark. 559, *Arkansas Zinc & Smelting Corporation* v. *Silver Hollow Mining Co.,* 148 Ark. 512, and *Longstreth* v. *Halter,* 122 Ark. 212, upon which the appellee relies, are all differentiated by the facts from the case at bar. In those

cases we recognized the familiar rule that ''when a claim is in dispute and a debtor sends to his creditor a check or other remittance which he clearly states is in full payment of the claim, and the creditor accepts the remittance or collects the amount of the check without objection, it is generally recognized that this constitutes a good accord and satisfaction.'' The facts of those cases brought them clearly within the above declaration, because in each case there was the unequivocal fact, proved by letter, check, or statement, which brought home knowledge to the creditor that the debtor was tendering the amount in full satisfaction of the creditor's claim, and on condition that if the tender were accepted it would be in full satisfaction of the claim. When the creditor accepted the amount tendered under such circumstances, necessarily he assented to his debtor's proposition, and there was a meeting of the minds of the parties that completed a contract of accord and satisfaction. But the evidence set forth in the agreed statement of facts did not warrant the trial court in coming to such conclusion in the instant case, and in so doing the court erred. For this error the judgment is reversed, and, as the cause appears to have been fully developed, judgment will be entered here in the sum of $233.67, the amount of the April tolls, with interest at six per cent. from May 1, 1921.