KNIGHT *v.* WOLPERT.

Opinion delivered February 14, 1927.

1. ACCORD AND SATISFACTION—PART PAYMENT—CONDITIONAL ACCEPTANCE.—To constitute an accord and satisfaction, a part payment must be made in full satisfaction of the demand or claim of the creditor and be accompanied by such acts or declarations as amount to a condition that, if the money is accepted, it must be accepted in full satisfaction, and be of such character that the creditor is bound to so understand the offer.

2. ACCORD AND SATISFACTION—PART PAYMENT.—Where a debtor told his creditor that the amount of a check tendered was all he was going to pay and that it was payment in full, and the creditor disputed this, stating that the debtor owed him more and that he was going to sue the debtor, the fact that the creditor accepted the check and cashed it did not constitute an accord and satisfaction.

3. TRIAL—SUFFICIENCY OF INSTRUCTIONS.—The refusal of correct instructions was not error where the court's charge fairly instructed the jury on all theories of both parties.

Appeal from Craighead Circuit Court, Jonesboro District; *G. E. Keck*, Judge; affirmed.

*Horace Sloan*, for appellant.

*Penix & Barrett,* for appellee.

MEHAFFY, J.   The plaintiff brought suit in the circuit court, alleging that the defendant had agreed to pay 5 per cent. of the total cost of the proposed work for his services as an architect in preparing plans and specifications for remodeling a house in Jonesboro; that the total cost of the proposed work was $6,890.60; that the fee to appellee at 5 per cent. was $344.53, upon which there had been a payment of $200, leaving a balance of $144.53, and asked judgment for that amount.

Defendant answered, denying that he entered into the agreement as alleged by plaintiff, and alleged that he instructed the plaintiff that the plans and specifications must entail a cost of not more than $4,000, that the plans and specifications prepared would have required the expenditure of a much greater sum, and that, for that reason, they were worthless to defendant; that the $200 paid plaintiff was in full settlement and satisfaction of all amounts due.

The testimony is conflicting, the plaintiff's testimony tending to establish the allegations of his complaint, and that of the defendant tending to establish the allegations of the answer.

Appellant's first contention is that the court erred in not directing the verdict for the defendant, and this, it is contended, the court should have done because appellant contends that the last payment of $50 that he made plaintiff was given in full satisfaction and settlement of all amounts due.   The plaintiff, testifying on that question, said in substance that he never agreed to accept $200 in full payment; that he called Mr. Knight, and also went to his house and got the last check, and told him that he still considered that he owed him $144.

The defendant testified that the last check he gave him was some time in March, and after he learned that the lowest bid on the work was $6,000; that defendant was sick in bed for about a week, and, realizing that the plaintiff would want some money, called him up and stated to him that if he would send up to the house he would give

him a check; that the plaintiff asked him to please make it as liberal as possible; that the defendant told him he owed him $50 and would send him $50 in full payment, and that plaintiff said, "You owe me more than that," and defendant told him that was all he owed him and all that he was going to pay; that plaintiff came up to the house, and that he told plaintiff that that was all he was going to pay. "I told him that, when I handed him the check, that it was in full payment. He took the check and cashed it. When I handed him that last check I told him I was paying him in full; I told him that was all I was going to pay, and he stated he was going to sue me, and I said 'That is all you can do.' He then accepted the check and went out with it, but he told me at the time he was going to sue me. I told him at the time that he took the check that it was in full settlement. He went out and cashed it."

The above is practically all the testimony on the question of the last payment, and the real question in the case is whether or not, as a matter of law, it was such a settlement as would bar any recovery of any further sum. If that evidence showed accord and satisfaction, then the instruction should have been given; if not, it should not have been given.

"Where a claim is not a money demand, or, if so, is unliquidated, or, if liquidated, there is a *bona fide* dispute as to the sum actually due, or a *bona fide* doubt or controversy as to whether anything is due, then an accord and satisfaction may be established and held binding, though there is a payment of a less sum than that claimed by the creditor, or even a less sum than, on an actual computation, might be found due to the creditor. The adequacy of the payment is entirely immaterial, and will not be inquired into even by a court of equity. Of course there must be an acceptance by the creditor of the money offered in full discharge of the claim. This acceptance, however, may be implied as well as express. Thus, if the debtor tenders the amount he claims to be due, but upon the condition that it be accepted in discharge of the whole.

demand, and it is accepted, there is an accord and satisfaction, on the principle that one accepting a conditional tender assents to the condition. And the fact that the creditor protests against accepting the tender in full payment will not prevent the transaction from constituting a good accord and satisfaction when the debtor still insists that it must be accepted in full payment or not at all. * * * To constitute an accord and satisfaction in law, dependent upon the offer of the payment of money, it is necessary that the offer of money be made in full satisfaction of the demand or claim of the creditor and be accompanied by such acts or declarations as amount to a condition that, if the money is accepted, it is to be in full satisfaction, and be of such a character that the creditor is bound to so understand the offer." R. C. L., 194. •

In a note in 20 L. R. A., 800, is the statement from a Kansas case on this subject, which is as follows: "In *St. Louis, Ft. S. & W. R. Co.* v. *Davis,* 35 Kansas 464, when the question arose upon the claim of the appellee for services, which the appellant claimed was satisfied by an accord and satisfaction by receipt by the appellee of a smaller sum than claimed, for which a receipt was given 'in full for all services rendered,' the appellee claiming that, at the time of signing and giving the same, he protested both verbally and in writing that it was not a complete satisfaction, and that he still claimed compensation for services in other named cases, which were those involved in the present action, the court held that the part payment was no extinguishment of the debt, stating that, before the payment could operate as a satisfaction, it must not only appear that there was some new consideration for the agreement to accept a smaller sum in extinguishment, but also that there was a mutual agreement that the same should be accepted in discharge of the entire debt."

The defendant in the case at bar made his payment with the statement, according to his testimony, that it was in full payment, but he did not state that it must be

accepted in full payment or not accepted at all. We think that he would have to make it clear to the creditor that, if accepted, it must be accepted in full satisfaction. While he told the plaintiff that it was all he was going to pay and it was a payment in full of all he owed him, the plaintiff disputed this, stating that he owed him more, and that he was going to sue him. The defendant did not pay him on condition that he accept it in full satisfaction of the debt.

It was said in a recent case by this court: "But appellee did not, in its letter, or in its statement of the account, or in the check, give the appellant to understand that an acceptance of the check and cashing of the same would be considered by the appellee as a recognition by the appellant of appellee's claim for damages and an approval and settlement thereof. The burden was upon the appellee to prove the contract of accord and satisfaction. It was essential for it to show either an express agreement upon the part of the appellant of accord and satisfaction, by which the amount of appellant's claim against the appellee was settled, or else to prove facts and circumstances by which an agreement on the part of the appellant to settle its account by allowing the claim of the appellee for damages could reasonably be inferred. There is nothing in the statement of facts to indicate a meeting of the minds of the parties upon any such terms. There is nothing to justify the conclusion that the appellant was notified by the appellee that, if the appellant cashed the check, it would do so with the understanding that appellee's claim for damages had been allowed and that appellant's account against the appellee had in that manner been satisfied." *Western Union Tel. Co.* v. *Ark. Milling Co.*, 156 Ark. 370.

In the case at bar the appellee not only did not receive the check, agreeing that it was a satisfaction of the claim, but he stated at the time that he was going to sue appellant for the balance, and, while appellant told appellee that it was in full settlement, he did not tell him, and, we think, did not say anything to justify appel-

lee to think or believe that, if he accepted the check, he would accept it on that condition that it was a full satisfaction. If defendant had offered the payment on condition that it was a full settlement and appellee had accepted it with this condition, this would have been a complete settlement, and a bar to a recovery.

Appellant complains at the action of the court in giving instructions and in refusing instructions requested by appellant. All the objections, however, are general, and there are no specific objections, and, while some of the instructions requested by the appellant correctly stated the law, yet we do not think there was any error, for the court fairly instructed the jury on all theories of both parties, and the question of whether there was accord and satisfaction, as well as other questions of fact, were matters for the jury to determine, and we cannot disturb their verdict if there is any substantial evidence to sustain it. We think the evidence was sufficient to sustain the verdict, and the judgment must be affirmed.