## Motley, et al. v. Motley, Administrator.

(Decided November 11, 1924.)

### Appeal from Allen Circuit Court.

1. Appeal and Error—Considerable Weight Given to Conclusion of Circuit Judge on Facts as to Performance of Services for Deceased.—On appeal in action against estates of decedents for services rendered deceased, considerable weight is given to conclusion of circuit judge on facts, and it will not be disturbed, where, on all proof, mind is left in doubt as to truth.

2. Appeal and Error—Executors and Administrators—Conclusion of Trial Court Disallowing Claim for Services Sustained.—Conclusion of circuit judge that plaintiffs were not entitled to recover from estate for services rendered deceased, held not against weight of evidence, and not to be disturbed on appeal.

HARPER & DENTON for appellants.

OLIVER & DIXON for appellee.

OPINION OF THE COURT BY COMMISSIONER HOBSON—Affirming.

Henry T. Motley died a resident of Allen county in December, 1921, leaving an estate worth about $30,000.00. Thomas H. Motley and wife presented a claim against the estate for $2,000.00 for care and attention rendered the deceased and for labor performed for him. Payment was refused and they filed this suit in equity to enforce the claim. The allegations of the petition were denied by answer; proof was taken and on final hearing the circuit court dismissed the petition. The plaintiffs appeal.

Thomas Motley and wife lived on a farm about a quarter of a mile from Henry Motley for about forty years. Thomas was a nephew of Henry; Henry had no children; his wife died seven years before he died; he was 77 years old at his death. He was a man of limited education and although a money lender and a good business man, needed help in counting interest, making settlements and the like. Thomas rendered him much service for years in this way. When his wife was sick and died, Thomas and his wife were very attentive and did for him all that was in their power. After this he became blind for some months. Thomas and his wife looked after him as tenderly as a son might be expected to do during this time and later when he was suffering from rheumatism. When any of his stock or anything went wrong on the place Thomas was sent for by him and always came. For some years after his wife's death a

sister lived with him, and after this he had the tenant who cultivated the farm to live in the house with him. He needed many personal attentions which Thomas and his wife cheerfully gave. The record clearly shows that they deserve commendation for the good part they took in caring for the old man. They proved by three of their children that the old man said from time to time that they should be well paid for their services when he fixed his business. He was taken sick on Sunday morning and asked Thomas then to write his will for him. This Thomas declined to do on the ground that he might be criticised as he was interested. Thomas suggested that he get the doctor to write his will. When the doctor came he declined to write the will on the ground that he had never written an instrument of this sort and did not know how to put it in proper form. He suggested that they wait until the next day and get a lawyer to write the will. But the next day the old man was so much worse that the will could not be written, so he died without a will.

The proof shows that not only Thomas and his wife rendered such services as above indicated to the old man, but that other relatives and neighbors rendered similar services and that it was an invariable custom with him to pay as he went. It seems admitted that he paid everybody else, and Thomas and wife both admit receiving money from him from time to time for certain services, but they claim that these payments were only now and then. On the other hand, the proof for the estate is convincing that the old man insisted on paying everybody as services were rendered and that it was one of his settled rules to owe nobody anything. His hands often did services for Thomas and in more than one way he returned kindness to Thomas and wife for the kindness they showed him. The weight of the evidence shows that he did not recognize that he owed Thomas and wife anything but was under the impression that he had paid them fully for all their services. In cases of this sort the court gives considerable weight to the conclusion of the circuit judge on the facts, for he is on the ground and has more or less knowledge of local conditions and the witnesses. His conclusion on the facts is not disturbed here where on all the proof the mind is left in doubt as to the truth. On the whole case the court is unable to say that the judgment of the circuit court is against the weight of the evidence.

Judgment affirmed.