BARNARD *v*. FIRST METHODIST CHURCH OF MENA.

5-900                                              288 S. W. 2d 595

Opinion delivered April 2, 1956.

*James D. Stoker, Donn G. Allison* and *W. C. Benton,* for appellant.

*Nabors Shaw,* for appellee.

LEE SEAMSTER, Chief Justice. Mrs. E. Maria Barnard McKee died February 12, 1955. The appellee offered for probate as her holographic will the following instrument.

''To the Methodist Church of Mena, Arkansas.

''I, E. Maria McKee being of sound mind I give to this church for the purpose of educating youth to Christ

— *all* my possessions to be disposed or used as the Board of Stewards and the Minister sees fit.

"Signed—

"Mrs. E. Maria Barnard McKee
1010 Janssen Ave.
Mena, Arkansas
"My hand and seal
Dec. 29th, 1947"

The Polk Probate Court ordered the instrument admitted to probate as the last will and testament of Mrs. McKee. This appeal is from that order.

The appellants are the brothers, sisters and a niece of the deceased, her next of kin. The appellants contend that the instrument, so probated as the decedent's holographic will, is not testamentary in character and the court erred in considering extrinsic evidence to supply the *animus testandi* which was not apparent in the writing.

The will was found in Mrs. McKee's strong box, in an envelope which also contained a will dated 1945. The previous will gave all of her property to her husband. The husband had died several months before the will here in question was written.

The phrase "being of sound mind" is one usually used in writing wills; she disposed of all of her property in the instrument, which would include her food and clothing. This provision could not reasonably become effective until after her death. The purpose for which she wanted all of her property used was for "educating youths to Christ." She delegated to the appellee the power to carry out the provisions of her will.

We hold the instrument to be testamentary in character and that the *animus testandi* is apparent from the writing. *Cartwright* v. *Cartwright,* 158 Ark. 278, 250 S. W. 11.

The appellants also contend that the proof was not sufficient to establish said will by three credible, disin-

terested witnesses because some of the witnesses were members of the appellee church.

Mr. Bill Lauck Wood, a church member witness, was an officer of the bank where the deceased transacted her business. Mr. William G. Spencer, a church member witness, was her lawyer — all such witnesses were mature and no gain would inure to any of them, individually, under the will. They were competent witnesses. See 57 Am. Jur. p. 243, Sec. 320.

The statutory method of making the proof of a holographic will is found in Ark. Stats. 1947, Section 62-2117, Sub-Sec. B. The proof in this case was sufficient to establish the validity of the will. *Sanders* v. *Abernathy*, 221 Ark. 407, 253 S. W. 2d 351.

The court's action in probating the will is supported by a preponderance of the evidence.

Judgment affirmed.