SMITH v. NELSON.

5-1162                                     299 S. W. 2d 645

Opinion delivered March 11, 1957.

W. H. McClellan, for appellant.

Sigun Rasmussen and John L. Hughes, for appellee.

SAM ROBINSON, Associate Justice. The issue here is the validity of a purported will. On February 15, 1953, Harvey J. Nelson executed a typewritten instrument which he doubtless intended to be his will. The document, however, does not meet the requirements of the law so as to constitute it a valid will. Only one witness signed the instrument. Ark. Stats. § 60-104. Subsequent to Nelson's death, the purported typewritten will was offered for probate, but probate was denied because of the invalidity of the document as a will. Later, the same purported will, along with two letters written by deceased to his wife, was again offered for probate, the proponents of the will contending that the purported typewritten will became a part of a valid will when coupled with the letters written by deceased in his own handwriting to his wife. A demurrer to the petition to probate was overruled. Those protesting probation of the alleged will have appealed.

The purported typewritten will is as follows:

''The last will and testiment of Harvey J. Nelson February 15, 1953.

I, Harvey J. Nelson of the City of Benton Saline County Arkansas. Do make and declare this to be my last will and Testiment, hereby revoking all former wills made by me.

First: I request that my Executor herein named shall pay all of my funeral expenses, expenses of my last illness, expenses of administration, and all claims against my estate, as soon as practicable.

Second: I give, devise and bequeath all my personal property go to my beloved wife Mary G. Nelson to have and use as she sees fit, and that she also have charge of my real estate to hold until her death receiving the rentals therefrom, and that she shall not be required to furnish sureties on bond as such.

In event my wife and I should pass away at the same time or at the death of my wife, I desire that the Probate Court of Saline County appoint an Administrator.

He being required to make bond satisfactory to the said court.

That my property of every kind and description be equally divided between Edward Pounders Nelson, Mary Jo Armstrong Sivils, and James Nelson Power.

I have hereunto set my hand and seal this 14th day of February 1953.

Harvey J. Nelson

Seal

D. Y. Young      Witness
County Clerk''

Subsequently, a letter was written by Nelson to his wife, which we will refer to as Letter No. 1:

"Mrs. Harvey Nelson
Benton, Arkansas

Dearest Wife,

When you read this my body will be sleeping in Rose Mont and my Soul will be gone to God Who gave it.

According to my Will in the Courthouse *valt,* in the County Cler*ks* office, you are to do as you please with our personal things.

I hope you will help Mary Jo and Robert and Edward and his wife get started in life. Mary Jo, Robert and Eddie could live with you and you would be happy.

Use your money from the rentals to have the things that you need, and to keep the property in good repair and pay taxes of all kind. My life has been happy with you, but today I am with the Lord.

May God ever bless and keep you 'til he calls you home, then we will meet again.

Your loving husband,
Harvey''

He also wrote a letter to his wife, which we will refer to as Letter No. 2. It is as follows:

"Honey you may wonder why I had my will fixed so you couldn't sell the houses.

You are so big harted and good you would be talked into selling them and it wouldn't be long untill you would be without an income after my death.

This way I know you will have an income as long as you live.

I love you,<br>Harvey"

There are two questions: First, the testamentary character of the letters, and second, the proposition of whether typewritten matter can be incorporated into a holographic will. The view we take of the first question makes unnecessary a discussion of the second question.

Are the letters testamentary? That is, do they show the *animus testandi*—the intent to make a will—which is necessary to constitute any writing a valid will? It is a fundamental principle that an instrument, to be a valid will, must be executed with testamentary intent. *Stark* v. *Stark,* 201 Ark. 133, 143 S. W. 2d 875. See also *Johnson* v. *White,* 172 Ark. 922, 290 S. W. 932; Page on Wills, § 46; Thompson on Wills (3d Ed.), § 12.

In the case at bar, the evidence is clear that Nelson did not intend that the letters, or either of them, should be his will. True, he referred to what he thought was his will, which he had executed and deposited in the vault at the County Clerk's office. The very fact that he had executed and deposited what he thought was his duly executed typewritten will is rather conclusive evidence that he did not think he was making a new will or adding a codicil to an old one when he wrote the letters to his wife. The letters made no change in the terms of the document he had filed.

Appellant cites *Cartwright* v. *Cartwright,* 158 Ark. 278, 250 S. W. 11, as sustaining the contention that the letters coupled with the typewritten instrument constitute a will, but the facts were quite different in the *Cartwright* case. There, Cartwright, prior to writing the let-

ters, had executed nothing which he thought was a will. In *Stark* v. *Stark, supra,* Judge Frank Smith, in speaking of the *Cartwright* case, said: "But this and all other cases are to the effect that there is no will unless there exists the *'animus testandi,'* which phrase is defined as the intention to make a will, and the existence of this intention is not a matter of inference, but must be expressed so that no mistake be made as to the existence of that intention."

Prior to 1949, a duly executed and attested typewritten will could not be superseded by a holographic will. But the General Assembly of 1949 changed the law in that respect, and now a holographic will takes precedence over a prior typewritten will. In these circumstances, it is imperative that the holographic document asserted as a will should clearly show *animus testandi* before such instrument is declared by the courts to be a will. Here, the letters written by Nelson to his wife cannot be said to be any more than family correspondence. There is no evidence whatever to the effect that he intended that either letter should constitute a will or that it be used in connection with any other document or instrument so as to constitute a will.

Reversed.

Justices HOLT and MILLWEE dissent.