Paul D. PEEVY, Administrator, et al
*v.* Frances RITCHESON, Gary KENNAN,
Administrator

76-415                                          552 S.W. 2d 218

Opinion delivered June 20, 1977
(In Banc)

842

*Estes, Estes & Estes,* by: *Peter G. Ester Jr.* and *Robert R. Estes,* for appellants.

*W. Gary Kennan,* for appellees.

ELSIJANE T. ROY, Justice. C. R. Ritcheson died on or about July 19, 1971, in Benton County, Arkansas. This is an appeal from an order of the probate court refusing to admit to probate a handwritten instrument[1] as the holographic will of the decedent.

---

[1] A copy of the handwritten instrument offered for probate is attached hereto as Appendix A.

It was agreed by the parties *inter alia* that Ritcheson possessed the necessary testamentary capacity to make a will and that he had intended for some time to make a will; that the instrument in question disposed of Ritcheson's entire property; that the purported will is not tainted with fraud, constraint or undue influence; and that the deceased is survived by his widow.

In January, 1971, Ritcheson asked his close friend, Paul D. Peevy, to help him prepare his will, but Peevy declined and suggested that Ritcheson see a lawyer. Ritcheson attempted to do so, but was unsuccessful. At one time the decedent stated he would make his own will, but evidently did not since several times thereafter he remarked he needed to see about getting his will drawn. In March, 1971, Ritcheson was involved in an automobile accident and remained in poor health thereafter.

Approximately one week before his death Ritcheson came by Peevy's office complaining of considerable pain and asked Peevy to call his attorney for him so that he could have his will made. Ritcheson then made some notes pertaining to his proposed will on a yellow legal tablet, preparatory to going to the attorney's office. Peevy telephoned Ritcheson's attorney and was told the attorney was not in his office. Ritcheson then placed the legal tablet paper in his pocket and departed.

On July 19, 1971, Peevy, together with others, went to Ritcheson's home and found him dead. Lying on Ritcheson's dining room table was a brief case in which was found the handwritten instrument offered for probate. The yellow legal tablet sheet was never found.

On the trial court's refusal to admit the instrument to probate this appeal was brought.

For reversal appellants first contend the court erred as a matter of law in making findings of fact contrary to and in conflict with the agreed statement of fact, which stated that the instrument in question disposed of all of decedent's property.

In addition to the agreed statement of fact, at trial the parties stipulated:

It is stipulated between the parties that at the time of death of Mr. C. R. Ritcheson he owned three separate parcels of real estate in Benton County, Arkansas. A home in Rogers, Arkansas; approximately 19 acres in the vicinity of Pea Ridge, Arkansas; and approximately 39 acres in the vicinity of Avoca, Arkansas, all being in Benton County, Arkansas. That he had some interest in some real estate — correction, he had a mineral lease on some property situated in Illinois, Hamilton County, Illinois.

No objection was made to the stipulation, and no request made that the court consider the matter only on the aforesaid agreed statement of fact.

In addition to the stipulation the inventory of the estate of Ritcheson reflects the appraisement, sale and confirmation of sale of the above parcels of realty. The probate judge could not close his eyes to these facts; consequently, no error occurred when the court stated: "In this case there is not a full and complete disposal of all of the estate."

Appellants' other contention is that the court erred in refusing to admit the questioned document to probate.

It is imperative that a holographic document asserted as a will should clearly show intention to make a will before such instrument is declared by the courts to be a will. *Smith* v. *Nelson,* 227 Ark. 512, 299 S.W. 2d 645 (1957).

. . . [T]he intention to make a will, and the existence of this intention is not a matter of inference, but must be expressed so that no mistake be made as to the existence of that intention.

*Stark* v. *Stark,* 201 Ark. 133, 143 S.W. 2d 875 (1940).

Appellants rely on the case of *Smith et al* v. *MacDonald,*

*Spec. Admr., et al,* 252 Ark. 931, 481 S.W. 2d 741 (1972). However, we find the facts therein clearly distinguishable from the case at bar. In *Smith* v. *MacDonald* the testator executed a holographic will completely disposing of all his property, and his signature appeared in his own handwriting in two places on the face of the instrument in the following format:

Page 1
Will of Julian Leland Rutherford

I Julian Leland Rutherford of Monroe County, Arkansas, being over the age of twenty one years and of sound and disposing mind and memory, do hereby make, publish and declare this to be my last will and testament, hereby revoking all wills here-to-fore made by me at any time.

(Thereafter specific directions follow.)

His signature also was on the envelope in which the instrument was sealed. The testator delivered the envelope to his attorney and told him it contained his will. Thus the probate judge correctly admitted the will to probate as testator's last will and testament even though testator's signature did not appear at the end of the instrument.

These facts are not present in this case. The decedent never stated it was his will and he did not mention his wife nor dispose of all of his property.

The facts in the instant case are similar to those in *Nelson* v. *Texarkana Hist. Soc. & Museum,* 257 Ark. 394, 516 S.W. 2d 882 (1974). In *Nelson* we held that if the testator's name is written in or upon some part of the will other than at the end thereof, to be a valid signature it must be shown that the testator wrote his name where he did with the intention of authenticating or executing the instrument as his will.

In *Nelson* the document was styled "Will December 18th 1973," and decedent's name appeared in the second paragraph of the holographic instrument leaving certain

property in memory of decedent's mother, father and decedent. Two individuals were told the document was a will and, at the request of the writer, signed as witnesses to the instrument. Thus *Nelson* presents a much stronger case for probate than the case at bar. Nevertheless we held that decedent's name was not written with the intent it constitute a signature, but of creating a memorial and did not meet the requirements of Ark. Stat. Ann. § 60-404 (Repl. 1971). The statute reads as follows:

> Where the entire body of the will and the signature thereto shall be written in the proper handwriting of the testator, such will may be established by the evidence of at least three [3] credible disinterested witnesses to the handwriting and signature of the testator, notwithstanding there may be no attesting witnesses to such will.

Ritcheson's name appears only once in the document, that being where the deceased makes the following request:

> . . . I request that everybody that is mentioned in will come to my funeral C. R. Ritcheson which will be at McLeansboro, Ill.

It appears that the name of the writer was placed there not as his signature, but to emphasize the fact that he wanted everyone to come to his funeral. This assumption is supported by the fact that approximately a month prior to his death decedent wrote the following letter:

June 24, 1971

To the Office of Bentonville Manor Home

C. R. Ritcheson Leaving with the National States Rights Party on June 25th. Expect to arrive back the 27th or 28th of June.

We are going on a speaking tour in case I am wanted, get in contact with the Mayor of the city as we are located at Louisville, Kentucky friday night 25th of June, Covington, Kentucky. I do not know the time for

Indianapolis, Indiana and Dayton, Ohio.

C. R. RITCHESON [signed]
C. R. Ritcheson [typewritten]

In case of accident that disables me I herein authorize Paul D. Peevy of Springdale, Ark. to take charge of the care of my wife during my disability [this paragraph was added to the foregoing typewritten letter in decedent's own handwriting].

C. R. RITCHESON
signed 6/24/71

(Paul D. Peevy Phone 751-5755 Springdale, Ark)

These actions indicated Ritcheson knew how to authenticate a writing, and the logical assumption follows that if Ritcheson intended the document to be his will he would have signed the instrument at the end and would have dated it. He did neither. Furthermore, the letter and note indicate Ritcheson's concern for his wife by leaving instructions for her care when he was going to be gone for only a short time. Thus it does not seem likely he would overlook mentioning her when he drafted his last will and testament.

Appellants also have filed a motion for abstracting costs, contending appellees unnecessarily designated the entire contents of the record for appeal purposes in violation of Arkansas Supreme Court Rule 9(d), Vol. 3A (Supp. 1975). Appellants request $181.50 for transcript costs of documents designated by appellees included in the record and $960 for their attorneys' time spent in abstracting the "immaterial and irrelevant portions" of the record designated by appellees.

Appellees contend appellants did not comply with Ark. Stat. Ann. § 27-2127.5 (Repl. 1962) in that they designated only a portion of the record and did not designate points to be relied upon for reversal, leaving appellees not knowing what points appellants intended to rely upon. Because of this neglect appellees argue it was necssary to designate the entire record to protect themselves.

In *Black* v. *Morton,* 233 Ark. 197, 343 S.W. 2d 437 (1961), we stated that in an appeal from the probate court's decision in a will contest, where all matters pertaining to the will contest were included in the record filed by appellants, it is a complete record within the meaning of Ark. Stat. Ann. § 27-2127.5, notwithstanding the fact that the record did not contain other matters relating solely to the administration of the estate.

However, circumstances are not exactly the same here. Appellants in their first point of argument referred to certain parts of the record not designated by them, those documents being the following: inventory of estate of decedent, petition for sale of real and personal property, notice of sale, order, report of sale and claims against estate.

Furthermore, even though appellees designated the entire record this does not mean appellants are required to abstract irrelevant parts of the record but only those parts pertinent to the appeal.

In *Harvey* v. *Castleberry,* 258 Ark. 722, 529 S.W. 2d 324 (1975), we stated:

> Inasmuch as the judgment must be affirmed, we may without embarrassment to counsel mention once more the basic requirements of Supreme Court Rule 9. The rule states that the abstract or abridgement of the record should consist of an impartial condensation, without comment or emphasis, of "only such material parts of the pleadings, proceedings, facts, documents, and other materials in the record as are necessary to an understanding of all questions presented to this court for decision." What the abstracter should strive for is to present a condensation of *all* the record that is necessary to an understanding of the case, *but nothing more.*

The rule limiting the abstract to material parts of the record is, of course, for the benefit of the members of this Court. An appellee cannot change the rule by designating immaterial matter for inclusion in the record, nor should such matter be abstracted by the appellant.

Our review of the record reflects that most of appellants' additional abstracting was evidently caused by a mis-understanding of our Rule 9, and for this reason we allow costs recovery on this item of only $200 plus the $181.50 costs for additional documents in the record because of appellees' designation.

The decree of the probate judge is affirmed, except as to the modification as to costs.

## APPENDIX A

*Patriotic Party*

C. R. RITCHESON
Arkansas State Organizer for Patriotic Party
916 South 13th Place
Rogers, Arkansas 72756          Phone ME 6-3108

Paul Reavy the Administrator for the said will shall take car. of all business transactions and see that each interested party gets his part of said will and I request that everybody that is mentioned in will to my funeral C R Ritcheson which will be at McLeansboro Ill. I am issuing a division Order the way I want it divided.

Robert DePugh — $10,000
National States Rights Party ~ $10,000
Melvin Clark McLeansboro Ill Rule # 5 - 10,000
Jewell Clark          "        "     "     10,000
James Clark           "        "     "     10,000
Harry Lundy Jr McHenry Ill          500
    "        "        Sr    "        "     500

To the restoration of our Constitutional Republic, to the defense of individual freedom and to the preservation of our American heritage, we pledge our lives, our fortunes and our sacred honor.

850

Newman Britton Decatur Ark $ 2000.00
Earline Haze Route #1 Hindsville Ark $ 200.00
Virginia Yancey Oak Ridge Ark $ 10,000.00
I reserve the right to change said will
at any time that I wish two do so.
Paul Perry will receive my Diamond Ring
and my part of Oil wells and what
ever money is left over after everybody is
paid off. I have 344 shears of A.T.T which
Can be sold and turned into money

FILED
JUN 16 1972
AT _____ O'CLOCK _ M
P_____
COUNTY and PROBATE CLERK