Roxie McDONALD, Executrix of the
Estate of Hazel PETTY, Deceased *v.*
Ray D. PETTY et al

77-87                                        559 S.W. 2d 1

Opinion delivered December 5, 1977
(Division II)

*Gibbs Ferguson,* for appellant.

*Gibson & Gibson, P.A.,* for appellees.

DARRELL HICKMAN, Justice. This case is a sequel to *McDonald, Ex'x v. Petty,* 254 Ark. 705, 496 S.W. 2d 365, 414 U.S. 1105, 38 Law Ed. 2d 733, 94 S. Ct. 831 (1973). The background facts of this litigation are sufficiently recited in the earlier case in which we reversed a finding that there was an oral contract to make a will naming some of the present appellees as beneficiaries. After our decision these appellees filed a petition for probate of a holographic will. Apparently, the document was discovered by one of the appellees during

518

the pendency of the first case. The probate court found that the document was a holographic last will and testament and vested title to the testator's real estate in the appellees. We now have this question on appeal.

We agree with appellant's argument that since the document sets forth no words of a dispositive nature, it was defective on its face because it lacked the required *animus testandi* or intent to make a will. Therefore, extrinsic evidence, which the court admitted, was not admissible to prove the necessary intent.

The instrument relied upon by appellees is reproduced below

Appellees cite *Chambers* v. *Younes, Adm'r,* 240 Ark. 428, 399 S.W. 2d 655 (1966), as being the most pertinent case to the issue presented here to justify extrinsic evidence to prove testamentary intent. There, however, the holographic writing expressed an intent. It read: "I Boyd Ruff request that all I own in the way of personal or real estate property to be my wife Modene." Also appellees overlook that a review of the cases there recognized that the words in a holographic instrument must indicate a testamentary intent. We have consistently held that whether an instrument is sufficiently testamentary in form and substance to be admitted to probate is a question of law for the court to determine from the face of the proffered instrument and there can be no will unless there exists in the mind of the writer that it was his intent to make a testamentary disposition of his property and that intent must be expressed so that there can be no mistake as to what was intended. *Smith* v. *Nelson,* 227 Ark. 512, 299 S.W. 2d 645 (1957); *Stark* v. *Stark,* 201 Ark. 133, 143 S.W. 2d 875 (1940); and *Cartwright* v. *Cartwright,* 158 Ark. 278, 250 S.W. 11 (1923). See also Ark. Stat. Ann. § 60-404 (Repl. 1971). In *Stark* we quoted with approval and said:

'The question whether or not an offered instrument is testamentary in form or substance so as to be admitted to probate is one of law for the court to determine from the face of the offered instrument.' But this and all other cases are to the effect that there is no will unless there exists the 'animus testandi,' which phrase is defined as the intention to make a will, and the existence of this intention is not a matter of inference, but must be expressed so that no mistake be made as to the existence of that intention.

Here the instrument is merely a sketch or drawing on the back of a used envelope with names in individual squares, directions indicated, and the decedent's signature and date. There is absolutely nothing indicating an intent that this instrument should serve as a testamentary disposition of his property. No case is cited to us nor has our research revealed one that would uphold this instrument or a similar one as facially sufficient to permit extrinsic evidence to establish it was intended as a will. Certainly, it cannot be said that its expressions are so clearly stated that, without inference, no mis-

take can be made as to the existence of a testamentary intention.

Since we hold the instrument was facially insufficient to permit extrinsic evidence to establish the requisite intent to make a will, it becomes unnecessary to consider appellant's other contentions.

Reversed and remanded with directions to deny the holographic instrument for probate.

We agree: HARRIS, C.J., and FOGLEMAN and HOLT, JJ.