DAVID TERRELL FAITH PROPHET MINISTRIES
*v.* The ESTATE of Vivian VARNUM, Deceased

84-156                                                    681 S.W.2d 310

Supreme Court of Arkansas
Opinion delivered November 19, 1984

*Robert D. Ridgeway, Jr.,* for appellant.

*Hobbs, Longinotti & Bosson,* for appellee.

ROBERT H. DUDLEY, Justice. Vivian Varnum died on July 5, 1982, leaving an estate valued at over $400,000. Three different handwritten instruments, each with a different principal beneficiary, were offered for probate and each was denied admission. The trial court labeled the instruments the Lingo Will, the Family Will and the Terrell Will, with the label representing the principal named beneficiary in each instrument. This appeal is by the David Terrell Faith Prophet Ministries from the denial of admission of the Terrell will. We affirm the denial. This appeal is before this court pursuant to our Rule 29(1)(p) as it presents questions concerning the construction of wills.

The probate court first reviewed the Lingo will which was purported to have been signed on June 29, 1982, although internal evidence indicates that the second page of the document, at least, was written prior to October 17, 1978. The judge held that some person had taken an

unfinished draft of a will and fraudulently completed it by filling in the names of the executor and the beneficiary. Probate of the Lingo will was denied and there was no appeal from that decision. However, the Lingo will is evidence not only that the decedent wrote a draft of a will, as distinguished from a final instrument written with testamentary capacity, but also that the sentence "I Vivian Varnum, being of sound mind, declare this to be my Last Will and Testament," in the first paragraph of that draft *was not written with testamentary intent.*

The next instrument the Family Will, was entirely handwritten by the decedent and, at the end, contained the signature and date "Vivian Varnum, October 22, 1968." The trial court held that the decedent revoked the dispositive clauses of the family will be marking out those clauses. No family member contests that ruling.

Based upon the testimony of experts in the field of handwritting, and upon internal evidence contained in the language of the instrument, the trial judge held that the third instrument, the Terrell will, was written entirely by the decedent with the use of three different pens, one for the body of the document, the second for the words "My Last and Only Will" and for her signature and the third, for the date, October 22, 1968. The trial court held that internal evidence indicated the body of the purported will was written between October 17, 1978 and October 27, 1979 and the written words "My last and only will. Vivian Varnum. October 22, 1968" were written ten years earlier as they were written for, and upon, the sheet of paper which was the cover sheet or fronting page of the Family will. The body of the proposed will is on both sides of this one sheet of paper. These facts left the trial court faced with the question of whether the necessary testamentary intent existed when the signature and date were written as the cover sheet for one will and then, ten years later the body of a second will is written around that signature and date. The side of the sheet of paper containing the signature is photocopied for clarity.

2. 4. w Fra klin ~~star~~
Lots 9, 19 Blk 23, Shawnee Okla
3. ~~the~~ Sharp Dept Store,
Lots 7, 8, Blk 23 Wewoka Okla
4 Frame House          119

My last and only Will.
            Vivian Varnum.
                Oct. 22, 1948

5. Brick House
   10 acres
                        4917375
4. Savings Accts No ~~4917~~ 749
Checking No. 917-140.
        Oil And
Fran McGill   K. M. Bldg.
Okla City
Sun Oil P.O. 2880 Dallas Tex
                    75221

Will contest cases come before this court for a trial *de novo* but we will affirm the order of the probate judge unless it is clearly against the preponderance of the evidence. *Greenwood, Guardian* v. *Wilson, Adm'x,* 267 Ark. 68, 588 S.W.2d 701 (1979). The existence of testamentary intent is not a matter of inference, but must be expressed so that no mistake be made as to the existence of that intention. *McDonald, Ex'x* v. *Petty,* 262 Ark. 517, 519, 559 S.W.2d 1, 2 (1977). Inquiry may be made into all relevant circumstances where the existence of testamentary intent is in doubt. *Chambers* v. *Younes, Adm'r,* 240 Ark. 428, 399 S.W.2d 655 (1966), citing 94C.J.S. *Wills,* § 203. However, use of extrinsix evidence is appropriate only when the instrument expresses an intent, it is inappropriate when the instrument expresses no intent, as in *McDonald, Ex'x, supra.*

The evidence is undisputed that decedent was an educated woman who kept careful records of her business affairs. It was evident to the trial court from the Lingo will that decedent has previously made, at the least, one draft instrument. The trial court concluded that the Terrell will was also a draft and was without testamentary intent.

In addition, the trial court held that the language in the body of the instrument "I — Vivian Varnum being of sound mind, — declare this to be my last will and testament" was only a draft sentence, just as the same sentence was in the draft of the Lingo will. The trial court held this sentence was not intended to constitute a signature on a holographic will as was intended in *Smith* v. *MacDonald,* 252 Ark. 931, 481 S.W.2d 741 (1972). In that case, the decedent had prepared his handwritten will on a form provided by his attorney but his signature appeared nowhere other than "I, Julian Leland Rutherford, of Monroe County, Arkansas, being over the age of twenty-one and of sound and disposing mind . . ." etc. The decedent delivered the will to his attorney, told him that this was his will, and asked him to safely keep it. The envelope containing the document provided "Bill Rutherford-Will." We allowed probate in that case because

extrinsic evidence removed any doubt about testamentary intent. The accumulation of extrinsic evidence was the key factor in removing any doubt about the testator's intent. No such authenticating circumstances appear in the case at bar, and without them, or ones of equal validity, we cannot say that the probate judge was clearly erroneous in his ruling.

The decedent wrote the word "Good" at the top of the first page of the Terrell will. The appellant contends that this word indicates testamentary intent but it just as well means that it was a good draft. We cannot say the trial judge was clearly erroneous in holding that the word "Good" is not extrinsic evidence of testamentary intent.

The appellant next contends that the Terrell will is a codicil, or republication of the partially revoked Family will and that both can be probated as one testamentary entity. Although the general rule is that a will should be, if possible, construed so as to avoid intestacy, this court will not speculate on a testator's intent. Appellant cites *Bradshaw* v. *Pennington*, 225 Ark. 410, 283 S.W.2d 351 (1955) as authority for admitting these two documents to probate as one unit. However, *Bradshaw*, as many will construction cases are, is distinguishable on its facts from the case at bar. In *Bradshaw*, six sheets of holographic writings were filed with the probate court. Five sheets were identical in writing except that each named a different beneficiary and property list. The sixth sheet left nephews and nieces specific property. All were dated the same date and signed at the end by decedent. All six sheets were found pinned together. None of these circumstances are present in the case at bar. The findings of the probate judge in refusing to construe the Terrell will and the Family will together were not clearly erroneous.

Affirmed.