Judee DUNN *v.* Henry MEANS III, Administrator of the Estate of Claude Rogers, et al.

90-358                                          803 S.W.2d 542

Supreme Court of Arkansas
Opinion delivered February 11, 1991

*Steve Westerfield* and *Jerry Rephan*, for appellant.

*Kay L. Matthews,* for appellee.

JACK HOLT, JR., Chief Justice. This case involves the denial of the Probate Court of Garland County to probate an instrument as the will of Claude Rogers.

On August 2, 1989, Mr. Rogers, who was 78-years-old and unmarried, had been living with Ms. Maxine Robertson in a home that they had purchased jointly in October of the preceding year. In anticipation of extended travels, Mr. Rogers and Ms. Robertson invited Judee and Bill Dunn, Ms. Robertson's daughter and son-in-law, and Ina Witherspoon, a friend, to dinner that night. During the course of the evening, Ms. Robertson drafted a two-and-a-half page will in her own handwriting, at the end of which she signed her name.

Beneath her signature on the third page of her holographic will, Ms. Robertson also wrote the following:

> Judee Dunn
> Claude & I give you full power to do
> & take care of all our Business
> & do as you wish with, with it, with
> no problems from anyone.
> You can sell or dispose of all property
> & monies.
>
> [Signed]        Roxie Maxine Robertson
>                          &
>
> [Signed]        Claude Rogers
>
> Sign [Signed] Ina Witherspoon
>       [Signed] Bill Dunn

She again signed beneath this passage, and Mr. Rogers also signed below Ms. Robertson's signature. Ina Witherspoon and Bill Dunn signed the document as witnesses.

Mr. Rogers died on October 16, 1989, and Henry Means, III, appellee, filed a petition for appointment of administrator at the request of Virgil Rogers, Mr. Rogers' brother, on the basis that Mr. Rogers had died intestate. Letters of administration were issued to Mr. Means on October 23, 1989; however, on

January 31, 1990, Judee Dunn, appellant, petitioned for the probate of a will and appointment of herself as personal representative of Mr. Rogers' estate. A hearing on this petition was held on April 20, 1990, and the probate court denied the admission to probate of the instrument proffered by Ms. Dunn and granted the motion of the estate to dismiss the petition.

Ms. Dunn appeals and argues that the probate court erred as a matter of law by refusing to consider her extrinsic evidence of testamentary intent. We find no merit in this argument and affirm.

In *Mangum* v. *Estate of Fuller*, 303 Ark. 411, 797 S.W.2d 452 (1990) (citing *Rose* v. *Dunn*, 284 Ark. 42, 679 S.W.2d 180 (1984)), we noted that we review probate matters de novo on appeal and will not reverse the findings of the probate judge unless clearly erroneous.

In determining whether an instrument is in fact a will, we stated in *Faith* v. *Singleton*, 286 Ark. 403, 692 S.W.2d 239 (1985), as follows:

> A will is a disposition of property to take effect upon the death of the maker of the instrument. To be valid as a will an instrument must be executed with testamentary intent, or *animus testandi*. That merely means the intention to dispose of one's property upon one's death. By looking to the four corners of the instrument, we determine that intent. It is a question of law for the court to determine from the face of the instrument whether the writer intends to make a testamentary disposition.

(Citations omitted.)

Further, where a document sets forth no words of a dispositive nature, it is defective on its face because it lacks the required intent to make a will, and extrinsic evidence is not admissible to prove the necessary intent. *McDonald, Ex'x* v. *Petty, et al.*, 262 Ark. 517, 559 S.W.2d 1 (1977).

In this case, we find no testamentary intent whatsoever within the passage that Ms. Dunn claims to be the will of Mr. Rogers. Certainly, it cannot be said that this instrument's expressions are so clearly stated that, without inference, no

mistake can be made as to the existence of testamentary intention. *See generally*, *McDonald Ex'x* v. *Petty, et al., supra.*

Accordingly, the probate judge's denial of admission of Ms. Dunn's extrinsic evidence in this matter is not clearly erroneous.

Affirmed.